IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 2:21-cr-00159

ALEXANDER V. OTELLIN, M.D.

**SENTENCING MEMORANDUM OF THE UNITED STATES**

Comes now the United States of America by Owen Reynolds, Assistant United States Attorney for the Southern District of West Virginia, and Charles D. Strauss, Trial Attorney for the Department of Justice, who respectfully submit this sentencing memorandum for the Court's consideration.

I. **Nature and Circumstances of the Offense**

Defendant, Alexander Otellin, is a Russian born immigrant. He moved to the United States as a trained medical doctor of psychiatry and soon became licensed to practice in the state of West Virginia in 2006. In 2007, he opened a psychiatry practice in Kanawha County. In 2018, the Drug Enforcement Administration (DEA) began receiving tips Defendant was prescribing controlled substances outside the usual course of practice.

At least three local pharmacists complained Defendant's prescribing practices seemed improper. Frequently, the dosages indicated on Defendant's buprenorphine (an opiate) prescriptions

were above clinically effective levels. There were also frequent instances of drug combinations that are red flags for drug abuse and diversion. These practices were particularly concerning because Defendant, a psychiatrist, was treating patients for pain management instead of referring them to a specialist in that field.

A review of medical records from Defendant's clinic by an expert in psychiatry revealed Defendant was prescribing opiates, stimulants, and muscle relaxers, among other drugs, outside the normal course of medical practice. The patients who received illicit prescriptions from Defendant were K.P., S.A., V.P., and T.C., and others known and unknown to investigators.

Defendant pleaded guilty to Count 4 of the Indictment, which charged the wrongful oxycodone prescriptions written for K.P. over the course of six years. K.P. was prescribed oxycodone (30mg, four times daily) alprazolam (anxiety medication, commonly "Xanax"), and zolpidem (a sedative). Urine screens for K.P. indicated he was abusing heroin and fentanyl, yet Defendant continued to prescribe dangerous medications, especially when combined with illegal unprescribed drugs.

Defendant also treated K.P.'s wife, S.P., for pain management. She was prescribed oxycodone (30mg, four times daily) and diazepam (anxiety/anti-seizure). In five years, Defendant only conducted three urine drugs screens which would have revealed whether she was using the medication as prescribed, diverting it

to her husband, or using other drugs. Despite operating a psychiatry practice, Defendant treated S.P. for osteoarthritis and back pain for five years, instead of ever being referred to a pain management specialist.

Defendant prescribed another patient, T.C., buprenorphine, alprazolam, and gabapentin. Early in the treatment, the buprenorphine was prescribed at 8mg, three times per day. This is an example of the above-therapeutic doses pharmacists were concerned about. T.C. died from an overdose at 41 years old. The coroner indicated the cause of death was "due to Buprenorphine, Alprazolam and Gabapentin Intoxication."

Patient V.A. was prescribed amphetamine salts (30mg, three times daily; commonly "Adderall"), alprazolam (anxiety), and zolpidem (sedative). In five years, Defendant only had V.A. submit to drug screenings four times. V.A.'s probation officer wrote a letter to Defendant explaining that V.A. was exchanging his prescription medication for methamphetamine. V.A. eventually died from an overdose. The medical examiner indicated the cause of death to be "combined fentanyl, alprazolam, and diazepam intoxication" and that V.A. "consumed unprescribed and prescribed prescription drugs in the setting of chronic drug abuse." A bag of methamphetamine and multiple pill bottles from Defendant's prescriptions to V.A. were found in V.A.'s home after his death.

**II. Objections**

There are no outstanding objections to the Presentence Investigation Report.

**III. History and Characteristics of the Offender**

Defendant is a 57-year-old male. He is in good physical and mental health. He has been married three times and has two children. The child from his first marriage resides in Russia. The child from his third marriage is 15 years old, but Defendant has not had contact with her for approximately two years.

Defendant has suffered from depression for over thirty years. He is prescribed an anti-depressant for treatment. There is no indication he has abused illegal drugs or alcohol, and he has no criminal history.

**IV. Statutory Objectives**

(A) To reflect the seriousness of the offense and promote respect for the law;

(B) To afford adequate deterrence;

(C) To protect the public from further crimes; and

(D) To provide the defendant training, medical care, and other treatment needed.

**V. Sentencing Range/Available Sentences**

Pursuant to 21 U.S.C. § 841(b)(1)(C), Defendant faces a maximum statutory term of imprisonment of 20 years and a maximum

fine of $1,000,000. The statute also requires a mandatory term of supervised release of at least three years.

Based on a Total Offense Level of 19 and the criminal history category of I, the resulting guideline range is 30-37 months of imprisonment. A sentence within this range is sufficient but not greater than necessary to meet the statutory sentencing goals. This sentence is consistent with similarly situated defendants and does not create unwarranted disparities.

## VI. Witnesses/Length of Hearing

The Government does not intend to call witnesses at the sentencing hearing. It expects the sentencing hearing to last about 30 minutes.

## VII. Conclusion

A sentence of imprisonment within the guideline range of 30-37 months would meet the statutory objective of sentencing and would be appropriate under the facts of this specific case. Respectfully submitted,

                                    WILLIAM S. THOMPSON
                                    United States Attorney

                By:
                    /s/ Owen A. Reynolds
                    OWEN A. REYNOLDS
                    Assistant United States Attorney
                    WV State Bar No. 13035
                    300 Virginia Street, East
                    Room 4000
                    Charleston, WV  25301
                    Telephone: 304-345-2200
                    Fax: 304-347-5104
                    E-Mail: owen.reynolds@usdoj.gov

```
            GLENN S. LEON
            Chief, Fraud Section

By:
            /s/Charles Strauss
            Charles Strauss
            Trial Attorney
            United States Department of
            Justice Criminal Division, Fraud
            Section
            1400 New York Avenue NW
            Washington, DC 20005
            Telephone: (202) 597-0610
            E-mail: Charles.Strauss@usdoj.gov
```

**CERTIFICATE OF SERVICE**

It is hereby certified that the foregoing "SENTENCING MEMORANDUM OF THE UNITED STATES" has been electronically filed and service has been made on opposing counsel by using the CM/ECF system which will send notification of such filing to the below counsel of record this the 16th day of December, 2024, addressed to:

Clint Carte, AFPD
Federal Public Defender's Office
300 Virginia Street E., Suite 3400
Charleston, West Virginia 25301


/s/Owen A. Reynolds
Owen A. Reynolds
Assistant United States Attorney
WV State Bar No. 13035
845 Fifth Avenue
Room 209
Huntington, WV 25701
Telephone: 304-529-5799
Fax: 304-529-5545
E-mail: owen.reynolds@usdoj.gov

/s/Charles Strauss
Charles Strauss
Trial Attorney
United States Department of Justice Criminal Division, Fraud Section
1400 New York Avenue NW
Washington, DC 20005
Telephone: (202) 597-0610
E-mail: Charles.Strauss@usdoj.gov